(85 South. 866)

BUSH v. STATE. (4 Div. 621.)

(Court of Appeals of Alabama. June 22, 1920.)

1. CRIMINAL LAW ⊝1056(1)—CHARGE, NOT EXCEPTED TO, NOT SUBJECT TO REVIEW ON APPEAL.

A part of a charge in a prosecution for violating the prohibition law, not excepted to, is not subject to review on appeal.

2. INTOXICATING LIQUORS ⊝239(2) — INSTRUCTION IN PROSECUTION FOR SELLING AND MANUFACTURING RELATIVE TO UNLAWFULLY KEEPING LIQUORS HELD IMPROPERLY REFUSED.

In a prosecution for violating the prohibition law in selling, offering for sale, keeping for sale, and manufacturing intoxicating liquors under a statute in force in 1915, where the court had charged that in 1917 it was a violation of the law for a man to have more than two quarts of distilled alcoholic liquors in his possession, and, "if he had more than two quarts in his possession of distilled alcoholic liquors, then he was guilty of a violation of the law," it was error to refuse to charge that, if the jury believed the evidence, they should not find defendant guilty of having or keeping unlawful liquors in his possession.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Will Bush was indicted and convicted on a charge of violating the prohibition law. From the judgment, he appeals. Reversed and remanded.

A. R. Powell, of Andalusia, for appellant.

Charge 5 should have been given. 11 Ala. App. 205, 65 South. 847; 16 Ala. App. 399, 78 South. 315; 16 Ala. App. 138, 75 South. 814; 67 South. 800. Under the rule laid

down in Pickens v. State, 115 Ala. 42, 22 South. 551, the case was not made out.

J. Q. Smith, Atty. Gen., for the State.
No brief reached the Reporter.

SAMFORD, J. The indictment was in three counts and was drawn under the statute in force in 1915. Counts 1 and 2 charged a selling, offering for sale, keeping for sale, or other disposition, and the third charged manufacturing. There was evidence tending to prove the defendant's guilt under the first and third counts.

[1] The court during the course of his oral charge said:

"It was also then (1917) a violation of the law for a man to have in his possession for any purpose, whether it was for his own use, or to sell or otherwise dispose of, distilled alcoholic liquors in any quantity more than two quarts. If he had more than two quarts in his possession of distilled alcoholic liquors, then he was guilty of a violation of the law."

This part of the court's charge was not excepted to, and therefore, of course, is not the subject of review here, and counsel does not so insist, but undertakes to make that excerpt above quoted the basis for exception to refused charge 5, which is as follows:

"If you believe the evidence, you should not find the defendant guilty of unlawfully keeping or having prohibited liquors in his possession."

[2] The defendant not being indicted for keeping or having prohibited liquors in his possession, this charge was abstract, unless it is in explanation of the excerpt above quoted from the court's oral charge, which itself was abstract, and might have tended to improperly influence the jury against the defendant. The court having charged the jury as he did, and in the connection he did, although he did not say that the jury was authorized to convict, the defendant was entitled to a clear explanation of that part of the charge to the effect that under the indictment the jury would not be authorized to convict the defendant of keeping or having prohibited liquors in his possession.

Charge 5 should have been given, and for this error the judgment is reversed, and the cause is remanded.

Reversed and remanded.